AO 106 (Rev. 04/10) Application for a Search Warrant                                                    HH

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
Polaroid 600 film obtained during the execution of a search ) .   Case No. 2:22-mj-246
warrant at the residence of Larry D. Porter, 9418 Lick Run )
Lyra, Wheelersburg, OH, and currently held in FBI secure )
evidence storage, 425 W. Nationwide, Columbus, OH )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference

located in the _____ Southern _____ District of _____ Ohio _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1591 | Sex trafficking of minors |
| 18 U.S.C. 2251 | Production for child pornography in interstate commerce |
| 18 U.S.C. 2252/2252A | Receipt, distribution, and/or possession of visual depictions of a minor engaged in sexually explicit conduct and/or child pornography, in interstate commerce |

The application is based on these facts:

See attached affidavit incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*SA E. T___ ___*
_____
*Applicant's signature*

E. Travis Aaron, SA FBI
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 6, 2022
_____

City and state: Columbus, Ohio

Kimberly A. Jolson
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF THE SEARCH OF:** | ) | **Case No.** 2:22-mj-246 |
| **Polaroid 600 film that was obtained during the** | ) | |
| **execution of a search warrant at the residence of** | ) | **Magistrate Judge** |
| **Larry D. Porter, 9418 Lick Run Lyra, Wheelersburg,** | ) | |
| **OH and currently held in FBI secure evidence storage** | ) | |
| **located at 425 West Nationwide, Columbus, Ohio** | ) | |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, E. Travis Aaron, Special Agent (SA) with the Federal Bureau of Investigation (FBI), being duly sworn, hereby depose and state as follows:

### I.        EDUCATION TRAINING AND EXPERIENCE

1.        I am a Special Agent with the Federal Bureau of Investigation (FBI), assigned to the Resident Agency in Portsmouth, Ohio. I have been so employed since 2018.  Prior to joining the FBI, I worked as a law enforcement officer in varying capacities. I began my law enforcement career in 2012 as a patrol officer in Coulterville, Illinois, where I spent three years working on all case work assigned to my jurisdiction. I transferred to the Red Bud, Illinois Police Department in 2015 where I continued as a patrol officer for the city. I helped create an educational program for narcotics that was presented to the local school district along with certification as an Active Shooter Instructor by 4E. I transferred to Southern Illinois University-Edwardsville (SIUE) in 2016 as a patrol officer. I was promoted to a Field Training Officer for the department prior to leaving to accept a position as Special Agent for the FBI in 2018.

2.        As a federal agent, I am authorized to investigate violations of the laws of the United States and have the authority to execute warrants issued under the authority of the United States. As part of my duties as an FBI agent, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A. I have reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in various forms of media.

3.        As a Special Agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

1

## II.  PURPOSE OF THE AFFIDAVIT

4.      This Affidavit is submitted in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant for the locations specifically described in Attachment A of this Affidavit.  The facts set forth below are based upon my own personal observations, investigative reports, and information provided to me by other law enforcement agents.  I have not included in this affidavit all information known by me relating to the investigation.  I have set forth only the facts necessary to establish probable cause for a search warrant for Polaroid 600 film (the SUBJECT ITEM), which was seized during the execution of a search warrant at the residence of Larry Dean Porter, 9418 Lick Run Lyra, Wheelersburg, OH.  I have not withheld any evidence or information that would negate probable cause.

5.      The SUBJECT ITEM to be searched is more particularly described in Attachment A, for the items specified in Attachment B, which items constitutes instrumentalities, fruits, and evidence of violations of 18 U.S.C. §§ 1591, 2251, and 2252 – child sex trafficking, and production, distribution, receipt and possession of child pornography.  I am requesting authority to search the SUBJECT ITEM, wherein the items specified in Attachment B may be found, and to seize all items listed in Attachment B as instrumentalities, fruits, and evidence of crime.

6.      As described herein and in Attachment B, this application seeks permission to develop the previously seized film and search the developed photographs to determine whether the fall within the scope of Attachment B.

7.      Based on actual inspection of other evidence related to this investigation, specifically other storage media that were seized from the property of Larry Dean Porter, I am aware that computer-related devices were used to generate and store documents and records that constitute or are related to child pornography.  There is reason to believe similar images may be currently located on the SUBJECT ITEM.

## III.  APPLICABLE STATUTES AND DEFINITIONS

8.      Title 18, United States Code, Section 1591 makes it a federal crime for any person, in or affecting interstate or foreign commerce to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize or solicit, by any means, a person, knowing, or in reckless disregard of the fact that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act.  Subsection (d) of this section makes it a federal crime to obstruct, attempt to

2

obstruct, or in any way interfere with or prevent the enforcement of Section 1591. Section 1594 of the same title prohibits attempts or conspiracies to engage in such acts.

9.      Title 18 United States Code, Section 2251(a) makes it a federal crime for any person to employ, use, persuade, induce, entice, or coerce any minor to engage in, or have a minor assist any other person to engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, if such person knows or has reason to know that either the visual depiction will be transported or transmitted via a facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, or that the visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce, or if the visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce. Subsection (e) of this provision further prohibits conspiracies or attempts to engage in such acts.

10.     Title 18, United States Code, Section 2252, makes it a federal crime for any person to knowingly transport, receive, distribute, possess or access with intent to view any visual depiction of a minor engaging in sexually explicit conduct, if such receipt, distribution or possession utilized a means or facility of interstate commerce, or if such visual depiction has been mailed, shipped or transported in or affecting interstate or foreign commerce. This section also prohibits reproduction for distribution of any visual depiction of a minor engaging in sexually explicit conduct, if such reproduction utilizes any means or facility of interstate or foreign commerce, or is in or affecting interstate commerce.

11.     The term "sexually explicit conduct" is defined in 18 U.S.C. § 2256(2) (A) as: actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

12.     The term "minor", as used herein, is defined pursuant to Title 18, U.S.C. § 2256(1) as "any person under the age of eighteen years."

13.     The term "visual depiction," as used herein, is defined pursuant to Title 18 U.S.C. § 2256(5) to "include undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."

3

IV.    **INVESTIGATION AND PROBABLE CAUSE**

14.    In approximately April of 2019, the FBI began investigating Larry Dean Porter. The investigation was initiated due to reports from several sources in the Portsmouth and South Webster areas who indicated that Porter was sexually abusing minors, and that such abuse was occurring with the consent of the minors' guardians, who were receiving illegal controlled substances from Porter.  Some of those sources provided names of specific children that they believed were being abused.  After conducting several interviews, the investigation stalled because additional witnesses could not be interviewed without risking that Porter would learn of the investigation.

15.    In March of 2020, your affiant was advised by members of the Jackson County Sheriff's Office (JCSO) that Porter had been arrested as a result of a human trafficking sting operation.  During the course of the operation, which began on March 9, 2020, a confidential human source (CHS1), who had previously interacted with Porter, engaged in a controlled Facebook Messenger conversation with Porter at the direction of JCSO detectives.  During that conversation, Porter agreed to pay CHS1 $80 for sexual access to a fictitious 7-year-old girl.  A time and place was established for the sexual encounter, and Porter arrived at the specified time and location in Oak Hill, Ohio, on March 10, 2020.  After a brief conversation about the child with CHS1, Porter was arrested by JCSO detectives.   At the time of his arrest, he was found to have $80 on his person and a cellular phone was recovered from his vehicle.  Subsequent forensic examination of the cellular phone revealed videos depicting Porter engaged in sexual activity with later-identified adult females.

16.    Subsequent to Porter's arrest, he was informed of his Miranda Rights, waived those rights and was interviewed by JCSO detectives and FBI agents.  Porter admitted to communicating with CHS1 but claimed that he only agreed to meet with CHS1 to make sure the 7-year-old girl wasn't hungry.  Porter further stated that he communicated with CHS1 by Facebook Messenger, utilizing his Facebook username "Larry Porter," on his desktop computer located at his residence.  Porter also provided consent to search both his residence located at 9418 Lick Run Lyra, Wheelersburg, OH 45694 and any computers or storage media that were found in that residence.  Porter reviewed and signed consent to search forms related to both the residence and the devices.  On Wednesday, March 11, 2020, FBI agents and deputies from the JCSO and

4

Scioto County Sheriff's Office (SCSO), went to Porter's residence and recovered numerous computers, hard drives and other digital devices from throughout the residence.

17.     During the following approximately six months, the FBI and local law enforcement conducted an ongoing investigation into the drug and sex trafficking actions of Porter and numerous associates of Porter. This investigation led to the issuance of a Second Superseding Indictment in Case No. 2:20-CR-095, that charged Porter, two of his friends, two of his daughters, his cousin, his son-in-law, and three guardians of minor children in the Portsmouth area with various offenses, including child sex trafficking, sex trafficking by force, fraud or coercion, production and possession of child pornography, and various obstruction and witness tampering offenses.

18.     In the days immediately after Porter's arrest, information was obtained that friends and family of Porter had been observed at his residence. On one occasion, Porter's two daughters – Crystal and Denna Porter – and other of Porter's family members were observed digging in the yard surrounding Porter's residence. This information led to the execution of search warrants at Porter's residence on March 20, 2020, and April 7, 2020. Officers searching Porter's property observed the area where Denna and Crystal Porter had been digging. Officers dug in that area and located a 2GB SD memory card held within a sealed glass jar. Forensic examination of that device revealed the presence of three images depicting an identified adult female, T.S., sexually assaulting an identified minor female child (hereinafter identified as Minor Victim 1). One of the images depicted Minor Victim 1 nude on a bed with her legs toward the camera and her nude genitalia in the very center of the photograph. T.S.' nude body was visible sitting beside child. The second image depicted Minor Victim 1 in the same position, with T.S. leaning over her such that T.S.' face was visible. The third image depicted the back of T.S.' head leaning over the genital area of the nude Minor Victim 1, appearing that the adult female was performing oral sex on the child. The background of the images clearly showed that they were taken inside the bedroom of Porter's residence.

19.     The photos described above were in a folder on the SD card that was labeled "101Nikon." This location indicates that Porter used a camera to create these images.

20.     T.S. was subsequently arrested and interviewed. She confirmed that she had engaged in sex acts with Minor Victim 1 and Minor Victim 1's sister, Minor Victim 2. This was done at Porter's direction, due to T.S.'s fear of Porter and addiction to the illegal drugs that Porter

provided to her in exchange. T.S. revealed that three other women engaged in similar behaviors, including the mother of Minor Victims 1 and 2. Those three other women were also subsequently interviewed, and two of them also admitted that they allowed Porter to sexually abuse their children in exchange for drugs and due to fear of Porter. Minor Victims 1 and 2, as well as a third minor child (Minor Victim 3), were also all interviewed and all of them eventually admitted to sexual abuse by Porter, which their mothers consented to in exchange for drugs that the mothers and their husbands or boyfriends were addicted to.

21.     A subsequent review of recorded jail call conversations, obtained from JCSO, between Porter and Crystal and Denna Porter revealed Porter acknowledged he buried an SD card in his yard that contained an image of T.S. and "a girl" engaged in oral sex.

22.     In addition to photos on the SD card that led to confirmation of the sexual abuse of Minor Victims 1, 2, and 3, law enforcement also conducted forensic examinations of numerous computers, cellular phones, hard drives, thumb drives, floppy discs, and other SD cards that were recovered from Porter's residence during the execution of the consent search and the two search warrants. Child pornography images and videos were found on a number of these devices, most of which appeared to have been downloaded from the internet. This was consistent with statements from witnesses and victims who had observed Porter view child pornography on the computers in his residence. One video found on one of Porter's devices did not visually depict any sex acts. However, a portion of the video depicted a distinctive object that had been observed in Porter's residence during the execution of the search warrants, and the audio portion of the recording included the voices of an adult female, a minor female, and Porter, and the conversation and noises being made were indicative of sex acts. Additionally, during the execution of search warrants at the residences of Porter's family and friends who were observed removing objects from Porter's residence, agents seized an SD card and CDs containing child pornography. Forensic examination of those devices revealed that they either belonged to Porter or had previously been inserted into one of Porter's computers.

23.     Based on the foregoing description of the child pornography files that have been recovered during the course of this investigation, as well as statements from numerous witnesses and victims regarding cameras they observed at Porter's residence and sexual abuse acts dating back to at least the early 2000s, your affiant has reason to believe that Porter has created pornographic images of numerous minors and has been engaged in such acts for a significant

6

period of time.  The period of time that Porter's sexual abuse activities have been occurring likely pre-dates the widespread use of digital devices like cellular phones and digital cameras, particularly in more rural areas like Scioto County, where Porter has resided for more than 20 years.  As such, your affiant has reason to believe that Porter may have utilized a traditional film-based camera to create child pornography images prior to utilizing more advanced technologies like cell phones and digital cameras.

24.     The SUBJECT ITEM was seized from Porter's residence during the execution of a search warrant on April 7, 2020, and has remained in the custody of the FBI since its seizure. Your affiant respectfully submits that there is a sufficient factual basis to believe that evidence of Porter's child sexual abuse and sex trafficking activities exists on the SUBJECT ITEM, and that developing the information stored on the SUBJECT ITEM will reveal such evidence.

## VI. CONCLUSION

25.  Based on all the forgoing factual information, your affiant submits that there is probable cause to believe that Larry Dean Porter has committed numerous violations of 18 U.S.C. §§ 1591, 2251, 2252, and 2252A.  Your affiant further submits that the facts contained in this affidavit provide reason to believe that Porter memorialized some of these violations in a variety of ways.  In light of all of these facts, your affiant respectfully submits that evidence of the sexual abuse and sex trafficking offenses committed by Larry Dean Porter, will be found on the SUBJECT ITEM.  Your affiant respectfully requests that the Court issue a search warrant authorizing the search of the SUBJECT ITEM described in Attachment A, and the seizure of the items described in Attachment B.

E. Travis Aaron
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me this 6th _____ day of April, 2022.

Kimberly A. Jolson
United States Magistrate Judge

## ATTACHMENT A

## PROPERTY TO BE SEARCHED

The device to be searched is:

### (1) Polaroid Camera 600 Film

The item described above was seized during a search of Larry D. Porter's residence, located at 9418 Lick Run Lyra Wheelersburg, Ohio 45694, and is currently being held in the FBI Columbus, OH secure evidence storage located at 425 West Nationwide, Columbus, Ohio 43215.

This warrant authorizes law enforcement to develop the film or otherwise utilize the scientific processes necessary to convert the SUBJECT ITEM into a format that is visible to the human eye, for the purpose of identifying the stored information described in Attachment B.

8

**ATTACHMENT B**
**PROPERTY TO BE SEIZED**

The following materials which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of Title 18, United States Code, Sections 1591, 2251, 2252, and 2252A.

1. Any and all child pornography images and/or visual depictions of minors engaged in sexually explicit conduct, as those terms are defined in 18 U.S.C. § 2256.

2. Any and all visual depictions of minors, whether clothed or not, for comparison to any child pornography or child erotica found during the execution of this search warrant or obtained during the course of this investigation.

3. Any and all photographic images that tend to reveal who owned or used the SUBJECT ITEM and/or where, when and how the SUBJECT ITEM was used.